UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BRITTINGHAM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No.   2:13CV00089 ERW |
| JAMES MCCONNELL, et al., | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on "Defendant Macon County, Missouri's Motion to Dismiss" [ECF No. 13], and "Defendants Gove-Ortmeyer and State of Missouri's Motion to Dismiss Plaintiff's Amended Complaint" [ECF No. 18].

### I.      BACKGROUND

On October 11, 2013, Plaintiff James Brittingham ("Plaintiff") filed a "Complaint for Damages Pursuant to 42 U.S.C. § 1983 & Malicious Prosecution, Abuse of Process, False Arrest, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress," naming the following as defendants: James McConnell; R. Timothy Bickhaus; Stacie Gove-Ortmeyer ("Gove-Ortmeyer"); County of Macon, Missouri ("County"); and State of Missouri ("State") [ECF No. 1]. Plaintiff filed a First Amended Complaint on February 11, 2014, naming only Gove-Ortmeyer, County, and State as defendants [ECF No. 4].

Plaintiff's First Amended Complaint ("Amended Complaint") asserts nine counts: 1) Violation of 42 U.S.C. § 1983 (Wrongful Arrest); 2) Violations of 42 U.S.C. § 1983 (Wrongful Detention); 3) Violations of 42 U.S.C. § 1983 (Conspiracy); 4) Violations of 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent Violations)(against County and State only); 5) Malicious

Prosecution; 6) Abuse of Process; 7) False Arrest and Imprisonment; 8) Intentional Infliction of Emotional Distress; and 9) Negligent Infliction of Emotional Distress.

On February 12, 2014, the United States Magistrate Judge issued a Show Cause Order, noting 124 days had elapsed since Plaintiff had filed his original Complaint and the file did not reflect Plaintiff had obtained service upon the defendants. The magistrate ordered Plaintiff to either serve Defendants within thirty days, or show cause why his cause should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m) [ECF No. 5]. On February 26, 2014, Plaintiff filed executed summons showing service of the Amended Complaint on Gove-Ortmeyer, County, and State [ECF Nos. 6-8].

Thereafter, County filed its Motion to Dismiss Plaintiff's Amended Complaint on March 11, and Gove-Ortmeyer and State filed their Motion to Dismiss the Amended Complaint on April 9, 2014. Plaintiff has filed Suggestions in Opposition to both Motions to Dismiss [ECF Nos. 20, 26]. Gove-Ortmeyer and State filed a Reply on April 22, 2014 [ECF No. 22]. On May 27, 2014, the case was reassigned from the Magistrate to this Court.

## II. LEGAL STANDARD: MOTION TO DISMISS

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

**II.    DISCUSSION**

For purposes of this discussion, the Court accepts the following well-pleaded facts, as alleged in the Amended Complaint [ECF No. 4], as true.

Plaintiff James Brittingham was the Defendant in a criminal case filed in the Circuit Court of Macon County, Missouri, and styled *State of Missouri v. James Brittingham*. State, at all relevant times, was the public employer of Gove-Ortmeyer, who was employed as an Investigator by the Criminal Investigations Bureau of the Missouri Department of Revenue. County, at all relevant times, was the public employer of individuals Timothy Bickhaus and

James McConnell ("McConnell"). "The Plaintiff sues all public employers in both their official and individual capacities." [ECF No. 4 at 2].

On July 16, 2010, Gove-Ortmeyer conducted an investigation regarding alleged non-payment of Employer Withholding and Sales Taxes by Bob Bickhaus Motors, Inc. (doing business as, and hereinafter referred to as "Bentz Motors"), located in Macon County, Missouri. Gove-Ortmeyer affirmatively represented to Timothy Bickhaus that Plaintiff had committed the class D felony criminal offense of Failure to Pay Sales Tax with Intent to Defraud, in violation of Section 144.080, RSMo. Gove-Ortmeyer also affirmatively represented to Timothy Bickhaus that Plaintiff had committed the class D felony of Failure to Pay Withholding Taxes with Intent to Defraud, in violation of Section 143.221, RSMo.

Although Gove-Ortmeyer knew the taxes in question were paid by Bentz Motors' Office Manager Sherry Frazier ("Frazier"), Gove-Ortmeyer did not interview Frazier, or investigate any information she possessed until after Plaintiff was arrested, detained and incarcerated on criminal charges. Notwithstanding her lack of proper investigation, Gove-Ortmeyer affirmatively represented to Timothy Bickhaus, who was serving as County's Prosecuting Attorney, that Plaintiff had committed the two class D felonies. Gove-Ortmeyer's representations caused Timothy Bickhaus to file the criminal case against Plaintiff.

Timothy Bickhaus is the brother of Roger Bickhaus, who was a 15% shareholder in Bentz Motors. Although Gove-Ortmeyer and Timothy Bickhaus knew of this interest, neither alleged that Roger Bickhaus was criminally liable for Bentz Motors' failure to pay any taxes to State. Instead, criminal charges were filed against Plaintiff only, and he was arrested, detained, and incarcerated.

Timothy Bickhaus caused McConnell to be appointed as the Special Prosecutor in the criminal case filed against Plaintiff, with instructions to "investigate and prosecute" Plaintiff for the alleged failure by Bentz Motors to pay State's withholding and sales tax with the intent to defraud State. On August 13, 2010, McConnell, acting in his capacity as Special Prosecutor, caused the criminal case to be filed against Plaintiff. McConnell knew, before filing the criminal charges against Plaintiff, that Plaintiff did not possess the means to commit the charged offenses, and that another person, Sherry Frazier, was primarily responsible for payment of the taxes at issue.

As a result of the criminal case filed against him, Plaintiff was arrested, taken into custody, and incarcerated on August 23, 2010. Plaintiff was required to post a criminal bond to be released from custody, and had to retain an attorney to defend him. He was subjected to negative news coverage of his arrest and the criminal charges filed against him.

On or about June 23, 2011, McConnell was replaced as Prosecutor in Plaintiff's case by a newly-elected Macon County Prosecuting Attorney, Josh Meisner. On October 14, 2011, Plaintiff conducted a deposition of Sherry Frazier, the comptroller for Bentz Motors. Based upon Ms. Frazier's testimony and information, State dismissed all criminal charges against Plaintiff.

### A. Gove-Ortmeyer's and State's Motion to Dismiss [ECF No. 18]

In their Motion to Dismiss, Gove-Ortmeyer and State contend Plaintiff's claims against State are barred by the Eleventh Amendment and therefore should be dismissed [ECF Nos. 18, 19, 22]. They argue Congress has not waived states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, and State's narrow statutory waiver of its sovereign immunity does not include constitutional claims such as those raised by Plaintiff.

In his Suggestions in Opposition, Plaintiff argues his Section 1983 action against State is not barred by the Eleventh Amendment. He claims State has waived its Eleventh Amendment "immunity by the passage of Sections 105.711 and 509.140 RSMo, [and] by the establishment of a state legal expense fund from which such monetary settlements and judgments may be paid." [ECF No. 20 at 4].

Although the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), allows suits to be brought against state officials in their official capacities for prospective injunctive relief, the same doctrine does not extend to states or state agencies. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Absent Congressional abrogation or unequivocally expressed state consent, the Eleventh Amendment bars suit against State for any kind of relief, not merely monetary damages. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 1984). Section 1983 does not override the states' Eleventh immunity. *Id.* at 99. Furthermore, "a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Id.* at 99, n. 9.

The Court rejects Plaintiff's contention that Missouri has waived its immunity from suit in federal court. Missouri's immunity statute, Missouri Revised Statutes § 537.600, does not waive immunity for the types of claims raised by Plaintiff, and Plaintiff has not cited to any statutory provision expressly waiving Missouri's Eleventh Amendment immunity. Mo. Rev. Stat. § 537.600.1 (waiving sovereign immunity for injuries arising out of negligent operation of motor vehicles or for dangerous conditions of public property); *Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (Section 537.600 does not waive immunity for 42 U.S.C. § 1983 action); *see also Barnes v. State of Mo.*, 960 F.2d 63, 65 (8th Cir. 1992) (state may waive its immunity to suit in federal court, but "only where stated by the most express language or by such

overwhelming implications from the text as will leave no room for any other reasonable construction" (citation omitted)).

"When a state is directly sued in federal court, it must be dismissed from litigation upon its assertion of Eleventh Amendment immunity unless one of [the] two well-established exceptions exists." *Barnes,* 960 F.2d at 64. Neither exception exists here. Accordingly, the Court finds the Eleventh Amendment bars Plaintiff's claims against the State of Missouri. The Court shall dismiss, with prejudice, Plaintiff's action against the State of Missouri.

As to Plaintiff's claims against Gove-Ortmeyer, these defendants assert that, because Plaintiff's First Amended Complaint does not specify in what capacity he is suing Gove-Ortmeyer, by his silence, Plaintiff has only sued her in her official capacity. They contend Plaintiff's claims against Gove-Ortmeyer are also barred, because the Eleventh Amendment precludes an award of money damages against a state official acting in her official capacity. Plaintiff contends it is clear he "was attempting to at least state that he was bringing this suit against these defendants in their official and individual capacities and but for a typographical error (i.e., "employer" instead of "employee"), Plaintiff would have accomplished the same." [ECF No. 20 at 1].

The Amended Complaint alleges Gove-Ortmeyer, at all times relevant, was employed as an investigator by the Criminal Investigations Bureau of the Missouri Department of Revenue. The Amended Complaint further alleges Gove-Ortmeyer failed to interview witnesses and to investigate information properly; wrongfully provided false, incomplete, or misleading information to McConnell and Bickhaus, resulting in Plaintiff's illegal arrest; and signed the probable cause statements against Plaintiff that wrongfully alleged he committed felony offenses.

Plaintiff is correct that the Eleventh Amendment does not bar suits against state officials in their individual capacity, situations where the recovery sought is against the personal assets of the individual defendant, and the state is not the real party in interest. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985). However, the Eighth Circuit "has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, the Amended Complaint's only allegation concerning official capacity is contained in paragraph 7, and reads as follows: "The Plaintiff sues all public employers in both their official and individual capacities." [ECF No. 4 at 2]. Defendants argue Plaintiff's assertion of typographical error conflicts with a reading of the Amended Complaint as whole, and they contend Gove-Ortmeyer should not be forced to interpret Plaintiff's language, or guess as to the capacity in which he is attempting to sue her.

"Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Id.* "Because section 1983 exposes public servants to civil liability and damages, . . . only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants." *Id.* Otherwise, the action is construed as being against the defendants in their official capacity. *Id.* The Amended Complaint does not expressly state Gove-Ortmeyer is being sued in her individual capacity. Nevertheless, the Court agrees that Gove-Ortmeyer was provided sufficient notice, as a contrary reading, i.e., that the public employers, State and County, were being sued in their individual capacities, would be nonsensical. The Court will deny the Motion to Dismiss as to Gove-Ortmeyer, and allow him to

amend his pleading as to that defendant only, to more specifically plead facts demonstrating the claim is within an exception to sovereign immunity.

### County's Motion to Dismiss [ECF No. 13]

In its Motion to Dismiss, County claims Plaintiff's Amended Complaint, as to County, fails to state a claim upon which relief can be granted, and fails to allege, in any manner, County has waived sovereign immunity [ECF No. 13]. County contends the Amended Complaint contains only vague and conclusory allegations regarding a policy or custom of County, and County asserts the only allegations against it are based upon the doctrine of respondeat superior. County further asserts the Amended Complaint fails to sufficiently allege a claim for civil conspiracy under § 1983. County argues Plaintiff's Complaint fails to allege facts establishing any overt act on the part of any defendant, or showing a meeting of the minds among any of the defendants. County further argues that, to the extent the conspiracy claim is premised upon § 1983, it cannot be based upon the actions of County employees, because local government entities cannot be held liable under § 1983 on a respondeat superior theory. In his Suggestions in Opposition, Plaintiff asserts his claim is subject to the same permissive pleading standard as all other claims, and he is not required to plead any customs or policies with specificity to survive a motion to dismiss [ECF No. 26].

"A political subdivision may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Johnson*, 172 F.3d at 535. Political subdivisions such as County incur liability for the unconstitutional acts of its officials or employees only when such acts "implement or execute an unconstitutional policy or custom of the subdivision." *Id.* Although a plaintiff need not specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss, a complaint must include some language or facts from

which an inference could be drawn that a political subdivision had a custom or policy that caused the violation of the plaintiff's constitutional rights. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). The Amended Complaint fails to allege facts which show, or from which an inference could be drawn, that Plaintiff's rights were violated as the result of a policy or custom of County. Thus, the Court finds the Amended Complaint fails to allege sufficient facts indicating liability on the part of County. The Court shall dismiss with prejudice the action against County for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendants Gove-Ortmeyer and State of Missouri's Motion to Dismiss Plaintiff's Amended Complaint" [ECF No. 18] is **GRANTED in part, and DENIED in part.** "Defendants Gove-Ortmeyer and State of Missouri's Motion to Dismiss Plaintiff's Amended Complaint" is granted as to Defendant State of Missouri. Defendant State of Missouri is dismissed from this action. "Defendants Gove-Ortmeyer and State of Missouri's Motion to Dismiss Plaintiff's Amended Complaint" is denied as to Defendant Gove-Ortmeyer. Plaintiff shall file a Second Amended Complaint asserting claims against Gove-Ortmeyer solely, in accordance with this Memorandum, no later than **July 15, 2014**.

**IT IS FURTHER ORDERED** that "Defendant Macon County, Missouri's Motion to Dismiss" [ECF No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendants State of Missouri and Macon County contained in Plaintiff's First Amended Complaint [ECF No. 4] are **DISMISSED with prejudice.**

So Ordered this 24th day of June, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**