UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| JAMES BRITTINGHAM, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 2:13CV00089 ERW |
| JAMES MCCONNELL, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on "Defendant Gove-Ortmeyer's Motion to Dismiss Plaintiff's Second Amended Complaint" [ECF No. 32].

### I. BACKGROUND

On October 11, 2013, Plaintiff James Brittingham ("Plaintiff") filed a "Complaint for Damages Pursuant to 42 U.S.C. § 1983 & Malicious Prosecution, Abuse of Process, False Arrest, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress," naming the following as defendants: James McConnell; R. Timothy Bickhaus; Stacie Gove-Ortmeyer ("Gove-Ortmeyer"); County of Macon, Missouri ("County"); and State of Missouri ("State") [ECF No. 1]. Plaintiff filed a First Amended Complaint on February 11, 2014, naming only Gove-Ortmeyer, County, and State as defendants [ECF No. 4].

Plaintiff's First Amended Complaint ("Amended Complaint") asserted nine counts: 1) Violation of 42 U.S.C. § 1983 (Wrongful Arrest); 2) Violations of 42 U.S.C. § 1983 (Wrongful Detention); 3) Violations of 42 U.S.C. § 1983 (Conspiracy); 4) Violations of 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent Violations)(against County and State only); 5) Malicious

Prosecution; 6) Abuse of Process; 7) False Arrest and Imprisonment; 8) Intentional Infliction of Emotional Distress; and 9) Negligent Infliction of Emotional Distress.

On February 12, 2014, the United States Magistrate Judge issued a Show Cause Order, noting 124 days had elapsed since Plaintiff had filed his original Complaint and the file did not reflect Plaintiff had obtained service upon the defendants. The magistrate ordered Plaintiff to either serve Defendants within thirty days, or show cause why his cause should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m) [ECF No. 5]. On February 26, 2014, Plaintiff filed executed summons showing service of the Amended Complaint on Gove-Ortmeyer, County, and State [ECF Nos. 6-8].

Thereafter, County filed a Motion to Dismiss Plaintiff's Amended Complaint, and Gove-Ortmeyer and State jointly filed a Motion to Dismiss the Amended Complaint [ECF Nos. 13, 18]. On May 27, 2014, the case was reassigned from the Magistrate to this Court. On June 24, 2014, this Court granted County's and State's Motions to Dismiss, and dismissed with prejudice, all claims against those two defendants contained in Plaintiff's Amended Complaint [ECF No. 28]. However, the Court denied Gove-Ortmeyer's Motion to Dismiss, and directed Plaintiff to file a Second Amended Complaint ("SAC") asserting claims against Gove-Ortmeyer solely, no later than July 15, 2014.

Plaintiff filed his SAC on July 14, 2014 [ECF No. 29]. The SAC asserts thirteen claims, solely against Gove-Ortmeyer: Count I, 42 U.S.C. § 1983 – Submission of False Affidavit (4th Amendment); Count II, 42 U.S.C. § 1983 – Suppression of Exculpatory Evidence (14th Amendment – Procedural Due Process); Count III, 42 U.S.C. § 1983 – Reckless or Intentional Failure to Investigate (14th Amendment – Substantive Due Process); Count IV, 42 U.S.C. § 1983 – Wrongful Arrest (4th, 6th, and 14th Amendments); Count V, 42 U.S.C. § 1983 – Malicious

Prosecution (4th, 6th, and 14th Amendments); Count VI, 42 U.S.C. § 1983 – Wrongful Detention (5th and 14th Amendments); Count VII, 42 U.S.C. § 1983 – Conspiracy (5th and 14th Amendments); Count VIII, 42 U.S.C. § 1983 – Refusing or Neglecting to Prevent Violations (4th, 5th, 6th, and 14th Amendments); Count IX, Missouri State Law – False Arrest; Count X, Missouri State Law – Malicious Prosecution; Count XI, Missouri State Law – Abuse of Process; Count XII, Missouri State Law – Intentional Infliction of Emotional Distress; and Count XIII, Missouri State Law – Negligent Infliction of Emotional Distress.

Subsequently, Gove-Ortmeyer filed an Answer, as well as her Motion to Dismiss Plaintiff's Second Amended Complaint, requesting dismissal of Counts V, VIII, and XIII [ECF Nos. 32. 34]. Plaintiff filed Suggestions in Opposition to Defendant Gove-Ortmeyer's Motion to Dismiss SAC on August 27, 2014 [ECF No. 35]. Gove-Ortmeyer has not filed a timely Reply.

**II.  LEGAL STANDARD**:  **MOTION TO DISMISS**

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to

the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

### III. DISCUSSION

For purposes of this discussion, the Court accepts the following well-pleaded facts, as alleged in the SAC [ECF No. 29], as true.

Plaintiff James Brittingham was the Defendant in a criminal case filed in the Circuit Court of Macon County, Missouri, and styled *State of Missouri v. James Brittingham*. Gove-Ortmeyer, who is sued in her individual capacity, worked as an Investigator for the Criminal Tax Investigations Bureau of the Missouri Department of Revenue, at all relevant times.

On July 16, 2010, Gove-Ortmeyer conducted an investigation regarding alleged non-payment of Employer Withholding and Sales Taxes by Bob Bickhaus Motors, Inc. (doing business as, and hereinafter, referred to as, "Bentz Motors"), located in Macon County, Missouri. Thereafter, Gove-Ortmeyer affirmatively represented to Macon County Prosecutor R. Timothy

Bickhaus that Plaintiff had committed the class D felony criminal offense of Failure to Pay Sales Tax with Intent to Defraud, in violation of Section 144.080 of the Revised Statutes of Missouri. Gove-Ortmeyer also affirmatively represented to Prosecutor Bickhaus that Plaintiff had committed the class D felony of Failure to Pay Withholding Taxes with Intent to Defraud, in violation of Section 143.221 of the Revised Statutes of Missouri. Additionally, Gove-Ortmeyer, in support of a request to have a warrant issued for Plaintiff's arrest, affirmatively represented to a Macon County circuit court judge that Plaintiff had committed these crimes. She knowingly or recklessly filed a false, misleading, incorrect and incomplete affidavit with the court to secure an Arrest Warrant for Plaintiff, and did so to materially mislead the circuit court judge on the probable cause determination.

The representations made by Gove-Ortmeyer to Prosecutor Bickhaus and to the circuit court judge were false and made by Gove-Ortmeyer either knowing of their falsity, or with a reckless disregard as to whether the representations were actually true. These misrepresentations were material to a finding of probable cause for the issuance of an Arrest Warrant for Plaintiff.

Although she knew the Sale and Withholding taxes were paid by Bentz Motors through its Office Manager, Sherry Frazier, Gove-Ortmeyer did not interview Frazier, investigate any pertinent information, or review any pertinent documents possessed by Frazier, until after criminal charges were filed against Plaintiff, an Arrest Warrant was issued, and Plaintiff was arrested, detained and incarcerated on felony criminal charges. Throughout her purported investigation, Gove-Ortmeyer recklessly or intentionally failed to conduct an investigation that would have revealed Plaintiff had no individual liability for payment of the Withholding and Sales Taxes for Bentz Motors; the payment of such taxes was a function performed by Frazier; and Plaintiff did not direct Frazier to not pay the taxes, with the intent to defraud. Gove-

Ortmeyer's unlawful and malicious actions or omissions caused Plaintiff to be wrongfully detained and confined, thereby depriving him of his liberty without due process of law, and his right to equal protection. Her acts caused the due course of justice to be wrongfully impeded, in violation of the Fifth and Fourteenth Amendments. At all times relevant, Gove-Ortmeyer was acting knowingly, recklessly, or with gross negligence, in failing to investigate the non-payment of the taxes by unlawfully and maliciously harassing Plaintiff; causing his arrest, imprisonment, and prosecution; causing others to violate the rights, privileges and immunities guaranteed him; and depriving him of rights, privileges and immunities.

Before any criminal charges were filed against Plaintiff, Gove-Ortmeyer knew, or should have known: a) Plaintiff did not commit any such criminal offenses; 2) Plaintiff was not personally liable for payment of Withholding and Sales Taxes purportedly due to the State of Missouri by Bentz Motors; c) Plaintiff did not possess the means to commit those offenses; d). the Withholding and Sales Taxes purportedly due to the State of Missouri by Bentz Motors were to be paid by Frazier, the Office Manager for Bentz Motors; e) it was always the intention of Bentz Motors to pay all the Withholding and Sales Taxes due to the State of Missouri; and f) Plaintiff never failed and refused to pay Withholding and Sales Taxes due to the State of Missouri, with the intent to defraud. Gove-Ortmeyer withheld this information from Prosecutor Bickhaus, Special Prosecutor McConnell, and the circuit judge who issued the Arrest Warrant for Plaintiff.

Gove-Ortmeyer had a non-delegable duty to ascertain whether a reasonable basis for prosecution existed. She owed a legal duty to Plaintiff to conduct herself and her investigation in a manner so as to not inflict emotional distress upon him. Gove-Ortmeyer had the power, authority, and duty to prevent or aide in preventing the commission of the wrongs against

Plaintiff, and could have done so by the exercise of reasonable diligence, but knowingly, recklessly, or with gross negligence, failed or refused to do so. As a result, Gove-Ortmeyer breached her duties owed to Plaintiff.

Prosecutor Bickhaus is the brother of Roger Bickhaus, who was a 15% shareholder in Bentz Motors. Although Gove-Ortmeyer and Prosecutor Bickhaus knew of this interest, neither alleged that Roger Bickhaus was criminally liable for Bentz Motors' failure to pay any taxes to State. Instead, criminal charges were filed against Plaintiff only, and he was arrested, detained, and incarcerated.

Prosecutor Bickhaus caused James McConnell to be appointed as the Special Prosecutor in the criminal case filed against Plaintiff, with instructions to "investigate and prosecute" Plaintiff for the alleged failure by Bentz Motors to pay State's withholding and sales tax due to the State. On August 13, 2010, McConnell, acting in his capacity as Special Prosecutor and relying upon the information provided to him by Gove-Ortmeyer to establish probable cause, requested a Macon County circuit judge to issue an Arrest Warrant for Plaintiff.

As a result of the criminal case filed against him, Plaintiff was arrested, taken into custody, and incarcerated on August 23, 2010. Plaintiff was required to post a criminal bond to be released from custody, and had to retain an attorney to defend him. He was subjected to negative news coverage of his arrest and the criminal charges filed against him.

On or about June 23, 2011, Special Prosecutor McConnell was replaced as Prosecutor in Plaintiff's case by a newly-elected Macon County Prosecuting Attorney, Josh Meisner. On October 14, 2011, Plaintiff conducted a deposition of Sherry Frazier, the comptroller for Bentz Motors. Based upon Ms. Frazier's testimony and information, State dismissed all criminal charges against Plaintiff. Gove-Ortmeyer's acts or omissions caused or contributed to cause

Plaintiff to suffer emotional distress that was both medically significant and medically diagnosable.

In her Motion to Dismiss, Gove-Ortmeyer requests, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of Counts V, VIII, and XIII of Plaintiff's SAC, for failure to state a claim upon which relief may be granted [ECF No. 32]. Count V of the SAC alleges a claim of malicious prosecution under 42 U.S.C. § 1983, in violation of the 4th, 6th, and 14th Amendments. Gove-Ortmeyer contends Count V must be dismissed, because the Eighth Circuit has not recognized malicious prosecution as a cognizable claim under Section 1983.

In his Response, Plaintiff, mistakenly citing to *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010),[1] as an Eighth Circuit opinion setting forth the elements of a malicious prosecution claim, contends he has alleged the requisite elements in his SAC [ECF No. 35]. Plaintiff argues his pleading is sufficient to withstand dismissal, because he alleges he was arrested for criminal allegations, made by Gove-Ortmeyer as a result of her investigation, which were not supported by probable cause, and which resulted in deprivation of his freedom when he was arrested on the ill-supported charges. He further contends the Motion should be denied, because he alleges Gove-Ortmeyer used false statements and allegations to deprive him of his constitutionally-recognized rights to due process and personal liberty.

The Eighth Circuit has expressed doubt as to whether a § 1983 claim for malicious prosecution is cognizable on several occasions. *See Bates v. Hadden*, No. 13-13224, ___ Fed. Appx. ___, 2014 WL 4065670 (8th Cir. Aug. 19, 2014); *Harrington v. City of Council Bluffs, Ia.*, 678 F.3d 676, 679 (8th Cir. 2012) ("If malicious prosecution is a constitutional violation at all, it

---

[1] The Court notes Plaintiff also incorrectly cites a district court decision, *Winslow v. Smith*, 672 F.Supp.2d 949 (D. Neb., Nov. 25, 2009) as an Eighth Circuit appellate opinion supporting his argument.

probably arises under the Fourth Amendment."); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) ("Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990) ("In fact, this and other circuits are uniform in holding that malicious prosecution by itself is not punishable under section 1983 because it does not allege a constitutional injury."). However, plaintiffs who clear the preliminary hurdle of alleging an underlying cognizable constitutional violation can proceed with a § 1983 claim. *See id*. Plaintiff alleges Gove-Ortmeyer's acts deprived him of liberty, and resulted in his detention, incarceration, and prosecution. The Constitution does not guarantee criminal charges will be filed only against the guilty; rather, it requires a procedural process securing certain protections for defendants when authorities act to deprive them of life, liberty or property. *See Gunderson*, 904 F.2d at 409-10. Nevertheless, read liberally, Plaintiff's malicious prosecution claim may be taken to argue a Fourth Amendment or procedural due process violation. The Court will deny Gove-Ortmeyer's Motion to Dismiss as to Count V.

Count VIII alleges a claim under Section 1983, for refusing or neglecting to prevent violations of the 4th, 5th, 6th, and 14th Amendments. Gove-Ortmeyer contends this claim must be dismissed because it fails to state what the alleged violations were, Gove-Ortmeyer's personal involvement in the violations, or precisely how she is alleged to have violated Plaintiff's constitutional rights. In his Response, Plaintiff asserts he incorporated by reference the allegations pertaining to Gove-Ortmeyer's role in the deprivation of his constitutional rights, and these describe particular acts she committed when she failed "to properly investigate the Plaintiff vis-à-vis the underlying state criminal matter" [ECF No. 35 at 3]. Plaintiff has already stated a claim under Count III for Reckless and Intentional Failure to Investigate.

Plaintiff contends "the idea that there is no cognizable 1983 claim for refusing or neglecting to prevent such violation ignores case precedent on this very issue" [ECF No. 35 at 3]. In support of this argument, Plaintiff cites to *Aguilera v. Wright County, Ia.*, 990 F.Supp.2d 926 (N.D. Iowa, Jan. 6, 2014),[2] *Aguilera*, however, does not stand for the proposition contended by Plaintiff, as that decision concerned a procedural due process *Brady v. Maryland*, 373 U.S. 83, 87 (1963) violation, which occurs when the state fails to turn over exculpatory evidence. *Aguilera*, 990 F.Supp.2d at 941-42. Moreover, *Aguilera* states, although *Brady*'s protections from prosecutorial suppression of exculpatory evidence also extend to investigating officers, an officer's "failure to disclose such evidence does not constitute a denial of due process in the absence of bad faith." *Id.* at 941. The other cases cited by Plaintiff likewise concern *Brady* violations, and are also inapposite.

In Count VIII, Plaintiff alleges Gove-Ortmeyer knowingly, recklessly, or with gross negligence, failed to investigate the non-payment of Withholding and Sales Taxes allegedly due the State of Missouri by Bentz Motors, and had knowledge of the falsity of the material representations regarding her investigation at the time she made them to others, but took no remedial measures to stop the charging documents from being filed against Plaintiff, or to stop his subsequent arrest, detention, incarceration, prosecution, and accompanying negative publicity. Plaintiff further alleges Gove-Ortmeyer had the power, authority, and duty, to prevent, or aid in preventing, the commission of these wrongs against Plaintiff. He alleges Gove-Ortmeyer could have done so by the exercise of reasonable diligence, but she knowingly, recklessly, or with gross negligence, failed or refused to do so.

---

[2] Plaintiff erroneously cites this district court opinion as an Eight Circuit appellate case, also.

As already noted, Plaintiff brings a claim of failure to investigate in Count III. However, Plaintiff goes on here to allege Gove-Ortmeyer took no action to stop charging documents from being filed. Gove-Ortmeyer was the one, according to Plaintiff's pleadings, who caused the filing of documents resulting in the constitutional violations upon which Plaintiff relies for relief. This count charges Gove-Ortmeyer, although she was the one responsible for the constitutional violations, had a duty to prevent commission of the same wrongs.

From a plain reading of the Complaint, it appears Plaintiff is charging Gove-Ortmeyer has a duty to intervene, after she caused the charges to be filed against Plaintiff, to stop the charges from being filed. If this is an attempt to file a count for failure to intervene, even though it defies logic under the facts in this case, except in the context of the use of excessive force, the Eight Circuit has not recognized a duty to intervene. *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) ("[W]e recently held that, outside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations.")' *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2010) (although law enforcement officers who know another officer is using excessive force have duty to intervene, the Eighth Circuit has not recognized duty to intervene to prevent other constitutional violations). If this is an attempt to allege a count of failure to intervene, this claim against Gove-Ortmeyer fails. *See Livers*, 700 F.3d at 360 (defendants entitled to qualified immunity where conduct did not violate clearly established law). The Court will dismiss, without prejudice, Count VIII of Plaintiff's SAC, for failure to state a claim, and will allow him ten (10) days to refile the count, if he elects to do so, consistent with this ruling.

Gove-Ortmeyer also moves for dismissal of Count XIII, a state law claim for negligent infliction of emotional distress, arguing its conclusory allegations fail to plead the existence of a

legal duty between Plaintiff and Gove-Ortmeyer.  To prevail on his Missouri state law claim for negligent infliction of emotional distress, Plaintiff must show:  1) a legal duty of Gove-Ortmeyer to protect Plaintiff from injury; 2) breach of that duty; 3) proximate cause; and 4) injury to Plaintiff.  *Henson v. Greyhound Lines, Inc.*, 257 S.W.3d 627, 629 (Mo. Ct. App. 2008).  To recover damages, Plaintiff additionally must establish:  1) Gove-Ortmeyer should have realized her actions involved an unreasonable risk of causing distress; and 2) Plaintiffs suffered medically diagnosable emotional distress or mental injury, of sufficient severity to be medically significant.  *Id*.

Plaintiff concedes the assertion specifically contained in paragraph 103 of his pleading, if "considered in a vacuum," is deficient as a matter of law.  However, he contends Count XIII's incorporation of paragraphs 14, 17, 18, 20, 28, 39, 59, 69, 71, 83, and 85 in his Second Amended Complaint constitutes sufficient factual allegations to survive a Motion to Dismiss.

Plaintiff bases his charge of negligent infliction of emotional distress on an alleged non-delegable duty Gove-Ortmeyer owed Plaintiff, to ascertain whether a reasonable basis for prosecution existed, and to prevent or aid in preventing the commission of the wrongs to Plaintiff.  Arguably, the SAC's alleges a duty of care sufficiently to withstand a motion to dismiss as to that element of Plaintiff's negligent-infliction-of-emotional-distress claim.  If an alleged harm is particularly foreseeable, Courts will recognize a duty.  *See Millard v. Corrado*, 14 S.W.3d 42, 47 (Mo. Ct. App. 1999) ("A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury.").  The risk of harm to which Plaintiff was exposed, due to Gove-Ortmeyer's alleged failure to investigate properly and ascertain whether a reasonable basis existed for charges to be filed

against Plaintiff, was reasonably foreseeable, and could support the recognition of a duty flowing from Gove-Ortmeyer to Plaintiff.

Nevertheless, the Court concludes Count XIII must be dismissed. Liberally construing Plaintiff's allegations in his favor, Plaintiff conclusorily alleges he suffered emotional distress that was medically diagnosable and of sufficient severity to be medically significant. Plaintiff, however, asserts no facts from which it can be inferred any of Plaintiff's alleged emotional distress is "medically diagnosable," or of sufficient severity as to be "medically significant." Legal conclusions can provide the framework for a Complaint; however, they must be supported by factual allegations. *See Iqbal*, 556 U.S. at 678. Because such an allegation is a necessary element of a Missouri state law claim for negligent infliction of emotional distress, the Court finds Count XIII of Plaintiff's SAC fails to state a claim upon which relief may be granted. The Court will grant Gove-Ortmeyer's Motion to Dismiss as to Count XIII, "Missouri State Law – Negligent Infliction of Emotional Distress."

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant Gove-Ortmeyer's Motion to Dismiss Plaintiff's Second Amended Complaint" [ECF No. 32] is **GRANTED in part**, and **DENIED in part**.

**IT IS FURTHER ORDERED** that Count VIII, "42 U.S.C. § 1983 – Refusing or Neglecting to Prevent Violations (4th, 5th, 6th, and 14th Amendments)," is **DISMISSED without prejudice**. Plaintiff is granted ten (10) days from entry of this Order to file an Amended Complaint, modified only as to Count VIII, consistent with this opinion.

**IT IS FURTHER ORDERED** that Count XIII, "Missouri State Law – Negligent Infliction of Emotional Distress" of Plaintiff's Second Amended Complaint [ECF No. 29] is **DISMISSED with prejudice**.

So Ordered this 30th day of September, 2014.

*E. Richard Webber*
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**